**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EVER ALEXANDER GUITERREZ RAUDA,

Petitioner,

v. No. 1:26-cv-01794-MLG-GJF

WARDEN, Torrance County Detention Center;
et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Ever Alexander Guiterrez Rauda's pro se petition for writ of habeas corpus ("Petition"), filed June 3, 2026. *See* Doc. 1. Guiterrez Rauda challenges his continued detention without a bond hearing and seeks his immediate release. Doc. 1 at 11, 15, 19-22, 26-27. Federal Respondents[1] do not contest the facts presented in the Petition. *See* Doc. 7. Given these facts, and because there is no indication that Guiterrez Rauda is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs his detention.[2] *See*

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Torrence County Detention Center.

[2] Guiterrez Rauda informed the Court that he has appealed the denial of his application for Cancellation of Removal. Doc. 10. The Immigration Judge granted Gutierrez Rauda voluntary departure while preserving his right to seek appellate review before the Bureau of Immigration Appeals. *Id.* "The voluntary departure period has not yet begun while Petitioner pursues his right to appeal." *Rodriguez-Novoav. Lyons*, No. 1:25-cv-01073-SMD-GBW, 2025 WL 4592301, at *5 (D.N.M. Dec. 23, 2025). *See generally* § 1229c(b)(1); 8 C.F.R. § 1240.26(c)(1)(iv) (finding a grant of voluntary departure appropriate if "[a]t the conclusion of the removal proceedings . . . [t]he [noncitizen] has established by clear and convincing evidence that the [noncitizen] has the means to depart the United States *and has the intention to do so*." (emphasis added)); § 1240.26(c)(4) ("Because the purpose of the voluntary departure bond is to ensure that the [noncitizen] does depart . . . as promised, the failure to post the bond . . . may be considered in evaluating whether the

*Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Guiterrez Rauda's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

---

[noncitizen] should be detained based on risk of flight[.] . . ."). Pre-removal detention is therefore still an issue before the Court.

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Guiterrez Rauda from custody.
2. Upon Guiterrez Rauda's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.
3. Respondents must file a status report within three business days of this Order's filing to certify their compliance. The status report shall state when and where Guiterrez Rauda was released.
4. If Federal Respondents elect to re-detain Guiterrez Rauda, they are enjoined from detaining him pursuant to 8 U.S.C. § 1225(b)(2)(A).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA